UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANASTASIIA MARCHUK, et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JINGPING LONG, ) <br> ) <br> Defendant. ) | Civil Action No. 24-11129-WGY |

REPORT AND RECOMMENDATION ON MOTION FOR RULE 11 SANCTIONS
[Docket No. 18]

September 16, 2024

Boal, M.J.

    Pro se defendant Jingping Long has moved, pursuant to Rule 11 of the Federal Rules of Civil Procedure, for sanctions against plaintiff Anastasiia Marchuk for allegedly engaging in "forum shopping, conducting a fishing expedition, and abusing the legal system." Docket No. 18.[1]  For the following reasons, I recommend that Judge Young deny the motion.

    Rule 11 of the Federal Rules of Civil Procedure requires the moving party to follow certain procedural requirements.  First, the motion "must be made separately from any other," and it "must be served [on the offending party and/or attorney] under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Fed. R. Civ. P. 11(c)(2).

---

[1] On September 13, 2024, Judge Young referred this case to the undersigned for full pretrial proceedings, including report and recommendation on dispositive motions.  Docket No. 47.

1

"Together, these provisions provide a 'safe harbor' for attorneys, law firms, or parties accused of sanctionable conduct by their opponent." Triantos v. Guaetta & Benson, LLC, 91 F.4th 556, 561 (1st Cir. 2024). These requirements are mandatory. Id. "[T]he object of the safe harbor is to allow a party to privately withdraw a questionable contention without fear that the withdrawal will be viewed by the court as an admission of a Rule 11 violation." Id. (quoting Young v. City of Providence ex rel. Napolitano, 404 F.3d 33, 39 (1st Cir. 2005)). "Failure to comply with these 'carefully wrought' procedural requirements 'disqualif[ies]' Rule 11 as a basis for sanctions." Triantos v. Guaetta & Benson, LLC, 52 F.4th 440, 447 (1st Cir. 2022) (citing Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 244 (1st Cir. 2010)).

Here, there is no indication that Long has complied with these procedural requirements. Accordingly, I recommend that Judge Young deny the motion.

## REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983

F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge