UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANASTASIIA MARCHUK, et al.,<br><br>Plaintiff,<br><br>v.<br><br>JINGPING LONG,<br><br>Defendant. | Civil Action No. 24-11129-WGY |

REPORT AND RECOMMENDATION ON MOTION
TO DISMISS AND MOTION FOR DEFAULT JUDGMENT
[Docket Nos. 14, 32]

September 27, 2024

Boal, M.J.

Pro se plaintiffs Anastasiia Marchuk, Yipeng Wang, Weiguo Wang, and Xiuling Wei have moved for entry of a default judgment against pro se defendant Jingping Long. Docket No. 14. Long, in turn, has moved to dismiss the complaint. Docket No. 32.[1] For the following reasons, I recommend that Judge Young deny both motions.

I.      FACTUAL AND PROCEDURAL BACKGROUND

On April 26, 2024, the Plaintiffs filed this action against Long. Docket No. 1. Plaintiffs allege that Long has published false and harmful statements about them on "various internet forums." Complaint at ¶ 10. They also allege that Long disclosed private information about the Plaintiffs, intending to violate their privacy, including property ownership details, personal information, including addresses and employers. Id. at ¶ 11. In addition, they allege that Long

---

[1] On September 13, 2024, Judge Young referred this case to the undersigned for full pretrial proceedings, including report and recommendation on dispositive motions. Docket No. 47.

1

has engaged in a pattern of harassing behavior towards the Plaintiffs, including repeated, unwanted phone calls and emails and contacting the Plaintiffs' employers to spread false information and harm Plaintiffs' reputations.  Id. at ¶ 12.[2]  The Complaint contains three causes of action: defamation, invasion of privacy, and harassment.  Id. at ¶¶ 12-18.[3]

On July 3, 2024, Plaintiffs filed a return of service indicating that Long was served with a copy of the summons and complaint on June 17, 2024.  Docket No. 8.  Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, Long was required to serve a responsive pleading by July 8, 2024.  See Fed. R. Civ. P. 12(a)(1)(A).

On July 14, 2024, the Plaintiffs filed a motion for entry of default judgment against Long.  Docket No. 14.  On July 29, 2024, Long filed a motion to "strike" the motion for default judgment.  Docket No. 15.[4]  On August 9, 2024, Long filed an answer to the complaint and a motion to dismiss.  Docket Nos. 31, 32.  The Plaintiffs filed an opposition on August 30, 2024.  Docket No. 45.

II.   ANALYSIS

   A.   Motion For Entry Of Default Judgment

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  The court may then enter a default judgment when the party entitled to a default judgment applies to the court.  Fed. R. Civ.

---

[2] The complaint contains two paragraphs numbered 12.  This citation is to the first paragraph numbered 12.

[3] This citation is to the second paragraph numbered 12.

[4] This Court denied the motion to the extent it sought to strike the motion for default judgment, but has considered the arguments contained therein.  See Docket No. 49.

P. 55(b)(2).

Given the early stage of the case and the fact that Long has already cured the default by filing an answer, see Docket No. 31, this Court does not believe that entry of default is appropriate. "[F]ederal law favors the disposition of cases on the merits, and as a result, 'a default judgment is a drastic sanction that should be employed only in an extreme situation.'" Stewart v. Astrue, 552 F.3d 26, 28 (1st Cir. 2009) (citation omitted). Accordingly, this Court recommends that Judge Young deny the Plaintiffs' motion for entry of a default judgment.

    B.    Motion To Dismiss

    1.    Standard Of Review

A complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Abdisamad v. City of Lewiston, 960 F.3d 56, 59 (1st Cir. 2020) (quoting Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016)). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Id. (quoting Barchock v. CVS Health Corp., 886 F.3d 43, 48 (1st Cir. 2018)).

In assessing the sufficiency of the complaint, the "court approaches the complaint as follows: it 'isolate[s] and ignore[s] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements,' then 'take[s] the complaint's well-plead (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see[s] if they plausibly narrate a claim for relief.'" Sonoiki v. Harvard Univ., 37 F.4th 691, 703 (1st Cir. 2022) (citing Zell v. Ricci, 957 F.3d 1, 7 (1st Cir. 2020)).

"Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels us to draw on our judicial experience and common sense." Id.

A document filed by a pro se party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). See also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

### 2. Long Has Not Sufficiently Developed His Arguments For Dismissal

Although Long moves to dismiss the complaint, he fails to address how the allegations in the complaint, viewed in the light most favorable to the Plaintiffs (the standard which this Court must apply at this stage of the proceedings), fail to "state a claim to relief that is plausible on its face." Abdisamad, 960 F.3d at 59 (quoting Saldivar, 818 F.3d at 18). Long's arguments, therefore, are insufficiently developed. While, as stated above, pro se filings are entitled to leniency, "this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings." Mathew v. Citigroup Global Markets Inc., No. 23-12302-FDS, 2024 WL 3030513, at *4 (D. Mass. Jun. 17, 2024) (citation omitted). Accordingly, this Court recommends that Judge Young deny Long's motion to dismiss.

## III. RECOMMENDATION

For the foregoing reasons, this Court recommends that Judge Young deny the Plaintiffs' motion for entry of a default judgment and deny Long's motion to dismiss.

## IV. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any

party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal  
JENNIFER C. BOAL  
United States Magistrate Judge