UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANASTASIIA MARCHUK, et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JINGPING LONG, ) <br> ) <br> Defendant. ) | Civil Action No. 24-11129-WGY |
| JINGPING LONG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANASTASIIA MARCHUK & JOHN DOE, ) <br> ) <br> Defendants. ) | Civil Action No. 24-11743-WGY |
| ANASTASSIA MARCHUK, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JINGPING LONG, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 24-12132-WGY |

REPORT AND RECOMMENDATION ON MOTION FOR SANCTIONS
[Docket No. 109]

February 20, 2025

Boal, M.J.

These consolidated cases involve allegations of, among other things, defamation and

1

harassment between Anastasiia Marchuk ("Marchuk") and Jingping Long ("Long"), who had been involved in a romantic relationship. Plaintiffs Marchuk, Yipeng Wang, Weiguo Wang, and Xiuling Wei have moved for sanctions against Long pursuant to Rule 11 of the Federal Rules of Civil Procedure. Docket No. 109.[1] For the following reasons, I recommend that Judge Young deny the motion.

"Rule 11 permits a court to impose sanctions on a party or lawyer for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose." CQ Int'l Co., Inc. v. Rochem Int'l, Inc., USA, 659 F.3d 53, 60 (1st Cir. 2011). Rule 11, however, "is not a strict liability provision, and a showing of at least culpable carelessness is required before a violation of the Rule can be found." Id. (quoting Citibank Global Mkts., Inc. v. Santana, 573 F.3d 17, 32 (1st Cir. 2009)). "Indeed, to warrant sanctions, it is not enough that the filer's claim lacked merit -- it must be so plainly unmeritorious as to warrant the imposition of sanctions." Zell v. Ricci, 957 F.3d 1, 19 (1st Cir. 2020) (emphasis in original; internal quotation marks and citations omitted).

While a pro se party is not immune from Rule 11, the court has discretion to take into account the special circumstances that often arise in pro se situations. Vizvary v. Vignati, 134 F.R.D. 28, 31 (D.R.I. 1990). Thus, "the objective standard to be applied regarding Rule 11 asks what a reasonable person in the pro se litigant's position would have done." Id. (citation omitted). "Arguments that a lawyer should or would recognize as groundless may not seem so to the pro se litigant." Id. (citation omitted).

---

[1] On September 13, 2024, Judge Young referred this case to the undersigned for full pretrial proceedings, including report and recommendation on dispositive motions. Docket No. 47.

Rule 11 is "intended to facilitate case management, not to increase caseload by requiring a district court to analyze the reasonableness of legal and factual contentions that it would otherwise not have to ascertain." CQ Int'l Co., Inc., 659 F.3d at 62. The First Circuit has stated that "[it] will not invite full-scale satellite litigation in the area of sanctions, nor will [it] require district courts to spend valuable judicial resources in punctiliously analyzing the reasonableness of each and every legal and factual contention made by a party where . . . such analysis is not necessary to resolve the merits of the central claim in dispute." Id.

Plaintiffs argue that Long should be sanctioned because he has filed several motions that were procedurally improper and/or lacked merit. Docket No. 109 at 3-4. This Court disagrees that those filings are so unmeritorious so as to warrant sanctions. Indeed, the Plaintiffs have also filed similar motions that this Court found to be procedurally improper or to otherwise lack merit. See, e.g., Docket No. 19, 121, 122. To the extent that the Plaintiffs seeks sanctions for filings made in other courts, see Docket No. 109 at 4-5, this Court lacks the authority to sanction Long for such conduct.

Accordingly, this Court recommends that Judge Young deny the Plaintiffs' motion for sanctions.

## REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court

of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge