UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANASTASIIA MARCHUK, et al., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JINGPING LONG, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 24-11129-WGY |
| JINGPING LONG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANASTASIIA MARCHUK & JOHN DOE, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 24-11743-WGY |
| ANASTASSIA MARCHUK, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JINGPING LONG, et al., )<br>)<br>Defendants. )<br>_____) | Civil Action No. 24-12132-WGY |

ORDER AND REPORT AND RECOMMENDATION
ON MOTION FOR RECONSIDERATION
[Docket No. 158]

March 3, 2025

Boal, M.J.

These consolidated cases involve allegations of, among other things, defamation and

1

harassment between Anastasiia Marchuk ("Marchuk") and Jingping Long ("Long"), who had been involved in a romantic relationship. Plaintiffs Marchuk, Yipeng Wang, Weiguo Wang, and Xiuling Wei have moved for reconsideration of this Court's order denying their motion to amend their complaint and Judge Young's order granting defendants ZiQin Zhou ("Zhou") and Connor Yunhao Long's ("Connor") motion to dismiss the complaint in case No. 24-cv-12132. Docket No. 158.[1] For the following reasons, I deny their motion to reconsider this Court's order denying the motion to amend and recommend that Judge Young deny their motion to reconsider his order dismissing their claims against Zhou and Connor.

I.      RELEVANT BACKGROUND

On August 20, 2024, the Plaintiffs filed the complaint at issue. See Marchuk, et al. v. Long, et al., No. 24-cv-12132-WGY. It was at least the third suit filed by the Plaintiffs against Long for, among other things, harassment and defamation between and against Marchuk and Long. In that complaint, the Plaintiffs added, for the first time, Zhou and Connor as defendants. Connor is Long's son and Zhou is Long's wife and Connor's mother.

On September 30, 2024, Connor and Zhou filed a motion to dismiss the claims against them. Docket No. 62. On December 19, 2024, this Court recommended that Judge Young grant Connor and Zhou's motion to dismiss. Docket No. 92. On January 2, 2025, the plaintiffs filed objections to this Court's report and recommendation. See Docket Nos. 102, 103. On the same date, they also filed a motion to amend the complaint "to address the deficiencies identified [in this Court's report and recommendation] and to provide additional factual details regarding the claims against Defendants [Connor and Zhou]." Docket No. 104 at 2. The Plaintiffs' objections

---

[1] On September 13, 2024, Judge Young referred this case to the undersigned for full pretrial proceedings, including report and recommendation on dispositive motions. Docket No. 47.

and motion to amend made substantially the same arguments. On January 7, 2025, Judge Young adopted this Court's report and recommendation, granted Connor and Zhou's motion to dismiss, and dismissed the claims against them. Docket No. 112. On January 22, 2025, this Court denied the Plaintiffs' motion to amend. Docket No. 150. In so doing, this Court reasoned that:

> It appears that Judge Young has already considered and rejected the plaintiffs' arguments regarding amendment of the complaint. In their objections to this Court's report and recommendation on Connor and Zhou's motion to dismiss, plaintiffs explicitly requested permission to amend the complaint and made substantially the same arguments they make in their motion to amend. See Docket Nos. 102, 103. Judge Young nevertheless granted the motion to dismiss and dismissed the plaintiffs' claims against Connor and Zhou. Docket No. 112. In addition, the presumption is that a Rule 12(b)(6) dismissal for failure to state a claim is with prejudice and constitutes a "final decision on the merits." Hochendoner v. Genzyme Corp., 823 F.3d 724, 736 (1st Cir. 2016) (citation omitted). Accordingly, the plaintiffs may not amend the complaint as requested after dismissal and the motion is therefore denied.

Docket No. 150 at 2-3.

On February 3, 2025, the Plaintiffs filed the instant motion for reconsideration. Docket No. 158. Connor and Zhou filed an opposition on February 14, 2025. Docket No. 163. Long filed an opposition February 19, 2025. Docket No. 166. The Plaintiffs filed a reply and supplemental memorandum on March 3, 2025. Docket Nos. 176, 177.

II.    ANALYSIS

In order to prevail on a motion for reconsideration, "a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact." Caribbean Mgmt. Group, Inc. v. Erikon LLC, 966 F.3d 35, 44-45 (1st Cir. 2020) (quoting Ira Green, Inc. v. Military Sales & Serv. Co., 775 F.3d 12, 28 (1st Cir. 2014)). "A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to

3

introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15 (1st Cir. 2006) (quoting Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir. 2005)).

Plaintiffs' motion is based upon the same arguments that they made in support of their motion to amend and their objections to this Court's report and recommendation. They suggest that this Court and Judge Young did not consider their arguments. See, e.g., Docket No. 159 at 11; Docket No. 176 at 7, 11. This Court considered the Plaintiffs' arguments and submissions and found them lacking. Contrary to Plaintiffs' suggestions, there is no evidence that Judge Young failed to consider Plaintiffs' objections and other submissions. Plaintiffs' references to "newly discovered evidence," see Docket No. 159 at 11, refer to documents and information that were included in their objections and their motion to amend and that this Court considered. Accordingly, they have not met their burden to show that reconsideration is proper.

### III. ORDER AND RECOMMENDATION

For the foregoing reasons, this Court denies the Plaintiffs' motion to the extent it seeks reconsideration of its order denying Plaintiffs' motion to amend and recommends that Judge Young deny the motion to the extent that it seeks reconsideration of his order granting Connor and Zhou's motion to dismiss.

### IV. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed

4

findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge