UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANASTASIIA MARCHUK, et al., <br><br> Plaintiff, <br><br> v. <br><br> JINGPING LONG, <br><br> Defendant. | Civil Action No. 24-11129-WGY |
| JINGPING LONG, <br><br> Plaintiff, <br><br> v. <br><br> ANASTASIIA MARCHUK & JOHN DOE, <br><br> Defendants. | Civil Action No. 24-11743-WGY |
| ANASTASSIA MARCHUK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JINGPING LONG, et al., <br><br> Defendants. | Civil Action No. 24-12132-WGY |

REPORT AND RECOMMENDATION ON ANASTASIIA
MARCHUK'S MOTION FOR SUMMARY JUDGMENT
[Docket No. 270]

December 29, 2025

Boal, M.J.

These consolidated cases involve allegations of, among other things, defamation and

1

harassment between Anastasiia Marchuk ("Marchuk") and Jingping Long ("Long"), who had been involved in a romantic relationship. Marchuk has moved for summary judgment on Long's claims against her in Action No. 24-cv-11743. Docket No. 270.[1] For the following reasons, I recommend that Judge Young grant the motion.

I.  PROCEDURAL BACKGROUND

On April 26, 2024, Marchuk, Yipeng Wang, Weiguo Wang, and Xiuling Wei filed a complaint against Long. See Marchuk v. Long, No. 24-cv-11129-WGY (the "11129 Action"). On July 8, 2024, Long filed a complaint against Marchuk and John Doe.[2] See Long v. Marchuk, No. 24-cv-11743-WGY (the "11743 Action"). On August 20, 2024, plaintiffs filed another action against Long asserting substantially the same claims as the 11129 Action but also adding ZiQin Zhou ("Zhou") and Connor Yunhao Long ("Connor"), as defendants.[3] See Marchuk v. Long, No. 24-12132-WGY (the "12132 Action"). On November 1, 2024, Judge Young consolidated all three cases. Docket No. 53.

On January 8, 2025, Long filed an answer and counterclaims in the 12132 Action. Docket No. 125. Long asserted counterclaims for (1) frivolous and vexatious litigation; (2) abuse of process; (3) conspiracy; (4) fraud; (5) harassment; (6) defamation; (7) blackmail; (8) stalking; (9) tampering and retaliating; (10) identity theft; (11) invasion of privacy; and (12) intentional interference with contractual relations. See id. at 22-29. Counts 3 to 12 of the counterclaims in the 12132 Action are duplicative of Long's claims in the 11743 Action. On

---

[1] On September 13, 2024, Judge Young referred this case to the undersigned for full pretrial proceedings, including report and recommendation on dispositive motions. Docket No. 47.

[2] Long has not moved to amend his complaint to name the John Doe defendant.

[3] Connor is Long's son and Zhou is Long's wife and Connor's mother. The claims against Connor and Zhou were dismissed on January 7, 2025. Docket No. 112.

June 10, 2025, Judge Young adopted this Court's report and recommendation and dismissed Long's counterclaims.  See Docket Nos. 179, 227.

On August 4, 2025, the Plaintiffs filed a motion seeking dismissal of the 11129 and 12132 Actions without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Docket No. 240.  On September 24, 2025, this Court recommended that Judge Young dismiss the 11129 and 12132 Actions with prejudice as a sanction.  Docket No. 265.

On October 2, 2025, Marchuk filed the instant motion for summary judgment.  Docket No. 270.  Long filed an opposition on October 31, 2025.  Docket No. 282.  On November 10, 2025, Marchuk filed a reply.  Docket No. 286.

II.    FACTS[4]

Marchuk and Long were involved in a romantic relationship for a few months in 2022 and 2023.[5]  Marchuk claims that Long was coercive and abusive.[6]  She also claims that she made numerous attempts to cease communication with Long, but he continued to contact her persistently and employed emotional manipulation to compel her to continue communicating

---

[4] The facts are taken from the parties consolidated statement of undisputed material facts (Docket No. 283) ("Marchuk SOF").  Long's responses are referred to as "Long Resp."  This Court has also considered Long's statement of disputed material facts (Docket No. 285) ("Long SOF").  In addition, where appropriate, this Court cites to the parties' affidavits.  See Docket Nos. 273, 284.  This Court construes the record in the light most favorable to Long and resolves all reasonable inferences in his favor.  Baum-Holland v. Hilton El Con Management, LLC, 964 F.3d 77, 87 (1st Cir. 2020) (citations omitted).

[5] See Anastasiia Marchuk's Declaration in Support of Her Motion for Summary Judgment (Docket No. 273) ("Marchuk Aff.") at ¶ 3.

[6] Id.

3

with him.[7]  Long denies Marchuk's allegations.[8]

Long presented a "Gift Covenant," which offered to transfer ownership of a property in Rhode Island to Marchuk if she were to marry Long.[9]  Marchuk alleges that Long refused to leave her residence unless she accepted the Gift Covenant and a bank card.[10]  Long, on the other hand, claims that Marchuk induced him to prepare the Gift Covenant and that she took his bank card without his permission.[11]

Long alleges that Marchuk and her associates sent defamatory and threatening emails to Long, Long's family, and third parties, including police and Long's employer.[12]  The emails provided by Long, however, appear to come from Weiguo Wang only.[13]  Among other things, Wang called Long a criminal and accused him of tax evasion and of stealing information from Long's employers.[14]

The parties have filed multiple cases against each other in several jurisdictions.  As relevant here, between June 28 and December 2, 2024, Long filed four actions against Marchuk and one action against Marchuk's employer:

- <u>Long v. Marchuk</u>, No. 2454SC000574, Small Claims Session, Dedham District Court

---

[7] Marchuk SOF ¶¶ 2, 3; Marchuk Aff. At ¶¶ 4-5, 9-10.

[8] Long Resp. ¶ 3; Affidavit of Jingping Long (Docket No. 284) ("Long Aff.") at ¶ 4.

[9] <u>See</u> Marchuk SOF ¶ 7; Long Resp. ¶ 7; Docket No. 274-3.

[10] Marchuk SOF ¶ 8.

[11] Long Aff. at ¶¶ 7-8.

[12] <u>See generally</u> Long SOF.

[13] <u>See</u> Docket No. 284-2.

[14] Long SOF ¶¶ 1, 5, 11.

filed June 26, 2024) (the "Small Claims Action"). Long sought to recover money and gifts given to Marchuk during their relationship.[15]

- Long v. Marchuk, No. 2454CV-0354, Dedham District Court (filed June 28, 2024) ("Dedham District Court Action I"): Long alleged that he provided Marchuk with substantial amounts of money and gifts during their relationship and covered her travel expenses, living costs, and mortgage expenses. He asserted a claim of breach of contract because Marchuk ended the relationship.[16] On December 6, 2024, the Dedham District Court entered a judgment of dismissal.[17]

- Long v. Marchuk, No. 2482CV00652, Norfolk County Superior Court (filed July 1, 2024) (the "Superior Court Action"). The factual allegations in this complaint are substantially similar to the allegations made in this action. Long asserted a fraud claim against Marchuk.[18]

- Long v. Marchuk, et al., No. 2454CV0612, Dedham District Court (filed November 18, 2024) ("Dedham District Court Action II"). Long brought claims against Marchuk, Weiguo Wang, Xiuling Wei, and Yipeng Wang arising out of Marchuk's alleged secret recording of two conversations with Long. Long asserted claims for violation of the Massachusetts Wiretapping Law, invasion of privacy, and intentional infliction of emotional distress.[19] On January 28, 2025, the Dedham District Court entered a

---

[15] See Docket No. 274-25 at 128.

[16] See id. at 114-127.

[17] Docket No. 274-22 at 2.

[18] See Docket No. 274-25 at 2-31.

[19] See Docket No. 274-25 at 94-113.

5

judgment of dismissal.[20]

- <u>Long v. Fred Astaire Dance Studio</u>, No. 24cv1170, Norfolk County Superior Court (filed December 2, 2024) (the "Dance Studio Action"). Long brought claims against a dance studio for allegedly negligently hiring and retaining Marchuk. He alleged that the studio failed to exercise due diligence by hiring Marchuk based on fabricated materials and failed to address red flags after becoming aware of Marchuk's potential risk to others.[21] On June 25, 2025, the Norfolk County Superior Court dismissed the complaint pursuant to Rule 12(b) of the Massachusetts Rules of Civil Procedure.[22]

III.  ANALYSIS

  A.  Standard Of Review

Summary judgment is appropriate if the record, viewed in the light most favorable to the nonmoving party "discloses 'no genuine issue of material fact' and [thus] demonstrates that 'the moving party is entitled to a judgment as a matter of law.'" <u>Zabala-De Jesus v. Sanofi-Aventis Puerto Rico, Inc.</u>, 959 F.3d 423, 427-428 (1st Cir. 2020) (quoting <u>Iverson v. City of Boston</u>, 452 F.3d 94, 98 (1st Cir. 2006)). A dispute is genuine where the evidence "is such that a reasonable jury could resolve the point in the favor of the non-moving party." <u>Rivera-Rivera v. Medina & Medina, Inc.</u>, 898 F.3d 77, 87 (1st Cir. 2018) (citation omitted). A material fact is one with the "potential of changing a case's outcome." <u>Doe v. Trustees of Bos. College</u>, 892 F.3d 67, 79 (1st Cir. 2018).

"To avoid 'the swing of the summary judgment scythe,' the nonmoving party must

---

[20] Docket No. 274-22 at 4.

[21] <u>See</u> Docket No. 274-25 at 32-93.

[22] Docket No. 274-22 at 5.

adduce specific facts showing that a trier of fact could reasonably find in his favor." Johnson v. Johnson, 23 F.4th 136, 141 (1st Cir. 2022) (citation omitted). "The nonmovant cannot rely on 'conclusory allegations, improbable inferences, and unsupported speculation.'" Id. (citation omitted).

      B.     Long's Claims Are Not Barred By Res Judicata

Marchuk argues that Long's complaint should be dismissed based on the doctrine of res judicata. Docket No. 271 at 6-7. "A federal court is generally bound under res judicata to give the same preclusive effect to a state court judgment as would be given to it by a local court within that state." FPL Energy Maine Hydro LLC v. F.E.R.C., 551 F.3d 58, 63 (1st Cir. 2008). "Res judicata 'makes a valid final judgment conclusive on the parties . . . and prevents relitigation of all matters that were or could have been adjudicated in the action.'" Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 52 (1st Cir. 2008) (quotation omitted). Under Massachusetts law, res judicata requires the presence of three elements: "(1) the identity or privity of the parties to the present and prior actions; (2) the identity of the cause of action; and (3) prior final judgment on the merits." Bui v. Ma, 62 Mass. App. Ct. 553, 579 (2004) (citations omitted). "Massachusetts deems causes of action identical for claim preclusion purposes if they 'grow out of the same transaction, act, or agreement, and seek redress for the same wrong.'" Andrew Robinson Int'l, Inc., 547 F.3d at 52 (quoting Brunson v. Wall, 405 Mass. 446 (1989) (internal modifications omitted)). In addition, a plaintiff is precluded from litigating not only those claims that were actually decided but those that could have been brought in that action. Bui, 62 Mass. App. Ct. at 579.

The Small Claims Action, Dedham District Court Action I, and Dedham District Court Action II involve the same parties but there is no identity of the causes of action. In the first two

7

cases, Long alleges that Marchuk should return gifts of money and property that Long made to her during their relationship. Dedham District Court Action II involves the allegedly subreptitious recordings of conversations between Long and Marchuk. As such, they cannot be said to arise out of the same transaction, act, or agreement or to seek redress for the same wrong as this case.

The Dance Studio Action involves different parties. In addition, nothing in the summary judgment record shows privity between the Dance Studio and Marchuk. While Long references some of the same alleged wrongful conduct by Marchuk alleged in this case, the claims asserted in that case relate to the Dance Studio's hiring of Marchuk. Therefore, there is no identity of cause of action either.

The Superior Court Action involves the same parties and substantially the same allegations made in this case. However, Marchuk has provided no evidence that there has been a final judgment on the merits in that case.

To the extent that Marchuk argues that res judicata applies based on Judge Young's decision dismissing Long's substantially identical counterclaims in the 12132 Action, see Docket No. 271 at 6, there has also been no final judgment entered in that case. Accordingly, Marchuk has not shown that the doctrine of res judicata bars Long's claims.

    C.    Long's Claims Fail As A Matter Of Law

As discussed below, all of Long's claims against Marchuk fail as a matter of law and she is entitled to summary judgment in her favor.

    1.    Conspiracy

Massachusetts law recognizes two types of causes of action for civil conspiracy. One of them, referred to as "true conspiracy," is a "rare" and "very limited" cause of action. Aetna Cas.

Sur. Co. v. P&B Autobody, 43 F.3d 1546, 1563 (1st Cir. 1994), abrogated on other grounds by United States v. Velazquez-Fontanez, 6 F.4th 205 (1st Cir. 2021).  Long appears to be asserting this type of conspiracy in his complaint.  See Docket No. 165 at 9.  In order to state a claim for true conspiracy, the plaintiff must prove that by "mere force of numbers acting in unison," the defendants exercised "some peculiar power of coercion of the plaintiff which any individual standing in a like relation to the plaintiff would not have had." Fleming v. Dane, 304 Mass. 46, 50 (1939) (citations omitted). "This cause of action seems to have been applied principally to remedy direct economic coercion, as in 'the combined actions of groups of employers or employees, where through the power of combination pressure is created and results brought about different in kind from anything that could have been accomplished by separate individuals or in other kinds of concerted refusals to deal." Mass. Laborers' Health & Welfare Fund v. Philip Morris, Inc., 62 F.Supp.2d 236, 244 (D. Mass. 1999) (quoting Fleming, 304 Mass. at 50).  There is no evidence in the summary judgment record that would give rise to this rare cause of action.

2. Fraud

To prevail on his claim for fraud, Long must show that Marchuk "made a false representation of a material fact with knowledge of its falsity for purposes of inducing the plaintiff to act thereon, and that the plaintiff actually relied on the representation." Platten v. HG Bermuda Exempted, Ltd., 437 F.3d 118, 132 (1st Cir. 2006) (citation omitted).  Long has not provided any evidence of false statements by Marchuk and, therefore, this claim fails.

3. Harassment

Count III of the Complaint asserts a claim for "harassment."  Complaint at ¶ 104.  It is not clear what exact cause of action Long asserts.  He cites to 15 U.S.C. § 1692d, see id., which makes it unlawful for a debt collector to engage in harassing, oppressive, or abusive conduct.

9

That statute has no application here. As such, Marchuk is entitled to summary judgment on this claim.

### 4. Defamation

"To succeed on a defamation claim under Massachusetts law, a plaintiff must show that the defendant was at fault for the publication of a false statement of and concerning the plaintiff which was capable of damaging his or her reputation in the community and which either caused economic loss or is actionable without proof of economic loss." Stanton v. Metro Corp., 438 F.3d 119, 124 (1st Cir. 2006). While Long has provided evidence of potentially defamatory statements, such statements were made by Weiguo Wang, not Marchuk. See Docket No. 285. Long has provided no evidence that Marchuk published any false statements about him. This claim also fails.

### 5. Criminal Statutes

Several of Long's claims appear to allege violations of criminal statutes. See Counts V (blackmail), VI (stalking), VII (tampering and retaliating), VIII (identity theft). Generally, there is no private right of action for criminal statutes in the absence of clear congressional intent. Mohammed v. Universal Protection Serv., LLC, No. 1:24-cv-11066-AK, 2024 WL 3677653, at *1 (D. Mass. Aug. 6, 2024) (citations omitted). As such, these claims are not actionable here.

### 6. Invasion Of Privacy

In Count IX of the Complaint, Long brings a claim of invasion of privacy, citing to 5 U.S.C. § 552. Complaint at ¶ 110. That statute, however, sets standards for what U.S. agency records should and should not be open to public inspection. It has no applicability to this case.

Even if this Court were to construe this claim as one for invasion of privacy under Massachusetts law, it fails. In order to prevail on a claim alleging an invasion of privacy, Long

10

must prove that there was a 1) a gathering and dissemination of facts of a private nature that 2) resulted in an unreasonable, substantial, or serious interference with his privacy. Branyan v. Southwest Airlines, Co., 105 F.Supp.3d 120, 126 (D. Mass. 2015) (citation omitted). In order to qualify for protection, the disclosed facts must be "of a highly personal or intimate nature." Id. Long points to no evidence supporting such a claim.

      7.      Intentional Interference With Contractual Relations

Finally, Long brings a claim for intentional interference with contractual relations. Complaint at ¶ 111. In order to prevail on this claim, Long must show (1) a contract with a third party, (2) Marchuk knowingly induced the third party to break the contract, (3) Marchuk's interference was improper in motive or means, and (4) Long was harmed by the interference. See Cutting Edge Homes, Inc. v. Mayer, 103 Mass. App. Ct. 749, 752 (2024) (citation omitted). Long has not pointed to any contracts that Marchuk knowingly induced a third party to break. To the extent that Long alleges that Weiguo Wang's emails to Long's employer constituted an intentional interference with the contractual relationship with his employer, there is no evidence that Marchuk was involved in those communications. Accordingly, this claim fails as well.

IV.    RECOMMENDATION

For the foregoing reasons, this Court recommends that Judge Young grant Marchuk's motion for summary judgment.

V.    REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed

findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge